UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUBEN RHENWRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00775-TWP-TAB |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DISCOVERY DISPUTE**

The Court held a telephonic status conference on February 2, 2023, to discuss various discovery disputes and related matters. Parties appeared by counsel. Before reaching the discovery disputes, the Court first addressed Defendant United Parcel Service, Inc.'s motion to amend [Filing No. 25].  For reasons explained during the conference, Defendant's motion is granted, and the proposed amended answer attached to that motion is deemed filed as of the date of this order.

The Court then turned to the discovery disputes. First, Plaintiff raised concerns with Defendant's responses to Interrogatory No. 9 and Request for Production Nos. 2 and 3. These discovery requests seek documents and information related to the disciplinary history of UPS employee Michael Miller, who allegedly attacked Plaintiff. Plaintiff claims that Defendant's responses have been incomplete and inconsistent. The Court addressed these concerns and stressed to Defendant the importance of making diligent efforts to provide complete discovery responses, particularly given that the responses so far appear to have been incomplete and inconsistent. Defendant shall provide any additional supplementation to its responses to these

discovery requests by February 10, 2023. Defendant's counsel shall ensure that all responsive documents and information are produced by that deadline.

Next, Plaintiff disputed the signature received on the interrogatory responses, arguing that Defendant's counsel should have provided a signed verification form because he prepared the responses. The interrogatories were initially signed by an individual identified as a paralegal for UPS. A week later, Defendant submitted its first amended response to the discovery requests and revised its answer to the first interrogatory to name Chris Jones, a hub manager for UPS, as the individual answering the interrogatories. Jones also provided a signed verification form. Although Defendant's counsel helped prepare the interrogatories for his client, it is sufficient under Federal Rule of Civil Procedure 33(b) that the interrogatories were answered by an officer or agent of the company—Jones. Lawyers routinely assist their clients with providing discovery responses, but there is no obligation for counsel to sign them.

The third issue raised by Plaintiff relates to Defendant's objections to every single interrogatory and request for production, which Plaintiff argues were boilerplate and frivolous. The Court agrees; Defendant raised many inappropriate objections. However, Defendant represented to the Court during the status conference that no documents were withheld on the basis of the objections. The Court once again reminded Defendant of its obligation to make full and complete discovery responses.

Finally, Defendant raised concerns with Plaintiff's failure to produce phone records. Plaintiff alleged in his complaint that he sent or received various phone calls or texts, but Plaintiff's counsel has only produced a single text message. When asked about this discrepancy, Plaintiff's counsel informed the Court that Plaintiff has represented to his counsel that he changed phones and no longer has any additional text messages. The Court instructed counsel to

confer with Plaintiff to ensure that any documents responsive to the request have been provided. Any additional documents must be provided by February 16, 2023. The Court further noted that this is a topic Defendant's counsel could explore further at Plaintiff's upcoming deposition or, if necessary, by way of a third-party request from Plaintiff's cell phone provider.

    Date: 2/6/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email